UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A. ARNOLD,<br><br>   Plaintiff,<br><br>v.<br><br>PRAXAIR, INC.; PRAXAIR PENSION PLAN,<br><br>   Defendants. | Case No. |

**COMPLAINT FOR RECOVERY OF ERISA PLAN BENEFITS; ENFORCEMENT AND CLARIFICATION OF RIGHTS; BREACH OF FIDUCIARY DUTY; PREJUDGMENT INTEREST AND ATTORNEYS' FEES**

## THE PARTIES

1. Plaintiff Larry A. Arnold ("Plaintiff") who, at all times relevant to this action, is a resident of the State of California, residing in Azusa, California, which is in the County of Los Angeles. At all times relevant to this action, Mr. Arnold was a participant and a beneficiary, as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") Section 3(7), 29 U.S.C. Section 1002(7) and Section 3(8), 29 U.S.C. Section 1002(8), in the employee welfare benefit plan (the "Plan") established by Mr. Arnold's employer, Praxair, Inc. ("Praxair").

2. Praxair is a company with its primary place of business in Connecticut and incorporated under the laws of Delaware. Praxair is the Plan Administrator for the Plan.

3. Plaintiff is informed and believes that the Plan is an employee welfare benefit plan regulated by ERISA, established by Praxair. Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to pension benefits. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

## JURISDICTION AND VENUE

3. ERISA Section 502(a), 29 U.S.C. Section 1132(a), authorizes Plaintiff's claims for relief, and this Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA Section 502(e) and (f), 29 U.S.C. Section 1132(e) and (f) and 28 U.S.C. Section 1331.

4. Venue lies in the District of Connecticut because the Plan includes a forum selection clause specifically requiring suit to be filed in this Court. Venue also lies in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. Section 1132(e)(2) because Defendant resides in this district, some of the breaches alleged occurred in this district and the ERISA-governed plan at issue was administered in part in this district. Venue is also proper pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this district.

## FACTUAL BACKGROUND

5. Plaintiff began working for Anderson Equipment Company ("AE") on October 6, 1978. AE provided a pension plan for its employees, including Plaintiff.

6. On July 1, 1995, an affiliate of Praxair, Altair, acquired significant quantities of AE's assets through an asset purchase agreement. During the acquisition process, Altair offered employment to various AE employees, including Plaintiff. Altair required experienced employees, like Plaintiff, to perform various tasks related to the assets acquired from AE. Because of this need, Altair had an incentive to make valuable offers to AE employees, like Plaintiff.

7. Plaintiff accepted a position with Altair. During this time, numerous AE employees, including Plaintiff, were informed that the time they had worked for AE would be credited towards their pension benefits with the Plan.

8. In 1997, Praxair Distribution, Inc. ("PDI"), an affiliate of Praxair, and Altair merged. PDI offered Altair employees, including Plaintiff, the opportunity to continue participating in the Plan or begin acquiring retirement benefits with PDI. Plaintiff elected to continue participating in the Plan.

9. On July 5, 2005, Plaintiff suffered a heart attack. Doctors inserted a stent into Plaintiff's main artery. His doctors recommended that he seek permanent disability leave. Plaintiff chose to continue working in order to better provide for his financial future. In part, he sought to increase his pension benefits with the Plan.

10. In 2009, Defendants sent Plaintiff a Pension Benefits Summary. This summary provided Plaintiff with an estimation of his pension benefits if he retired on October 1, 2010. This estimation based its calculations on 31.92 years of

service, a calculation which relied upon Plaintiff having begun to earn credit towards his retirement in 1978, when he began working for AE.

11. On January 31, 2014, Defendants sent Plaintiff an Application for Retirement Benefits. This application reflected that Plaintiff would have 35.33 years of service credited towards his pension benefits as of February 28, 2014. Again, the calculations relied upon Plaintiff having begun earning credit towards his retirement in 1978. Plaintiff still had the option to continue working and increase his pension benefits under the Plan. If he had known that he would not be credited for 35.33 years of service, he would have elected to keep working to increase his pension benefits and guarantee a more financially secure retirement for him and his wife.

12. In reliance upon the information provided to Plaintiff by Defendants, Plaintiff retired on February 28, 2014. As part of his retirement, Plaintiff elected a 50% Joint and Survivor Annuity with monthly payments of $1,571.97.

13. In 2017, Defendants sent Plaintiff a notice titled "Important Praxair Pension Plan Information." It explained that effective December 1, 2017, the plan was going to be administered by Aon Hewitt. The notice further stated that:

> The transition to Aon Hewitt will not affect your Praxair Pension Plan payment, just the way that you access your pension account information. The amount and timing of your pension plan payment will remain the same. So will the way you receive your payment, whether this is by check or direct deposit to your bank account.

4

14. After paying Plaintiff pension benefits for nearly four years, on January 26, 2018, Praxair's Associate Director of Retirement Plans sent a letter to Plaintiff stating that his pension had thus far been improperly calculated. The letter explained that starting August 1, 2018, Defendants would cease paying Plaintiff $1,571.97 in monthly pension benefits and, instead, would commence paying Plaintiff $837.21 in monthly pension benefits.

15. In the January 26, 2018 letter, the Associate Director stated that AE had not been purchased in its entirety. Only certain assets had been acquired. The acquired assets and obligations did not include the obligations of AE's pension plan and, therefore, the time working for AE did not count towards Plaintiff's pension with Praxair. The letter concluded that Plaintiff's years of service had been inaccurately calculated in all prior correspondence and payments.

16. On February 27, 2018, Plaintiff sent a letter to Defendants challenging their decision to reduce Plaintiff's monthly pension benefits. In the February 27, 2018 letter, Plaintiff argued that, in fact, Praxair had fully acquired AE and, therefore, was required to include Plaintiff's time working for AE in the calculations of his pension benefits under the Plan.

17. In his February 27, 2018 letter, Plaintiff further listed numerous significant moments when Praxair had calculated Plaintiff's employment with Praxair as beginning in 1978. These moments included a letter giving Plaintiff a bonus for 25 years of service, an engraved award documenting 30 years of service and various letters from Praxair.

18. In a letter dated March 26, 2018, Defendants responded to Plaintiff's February 27, 2018 letter. Defendants stated that they were treating the February 27, 2018 letter as a claim for benefits under the Plan.

19. In an April 12, 2018 letter, Defendants reaffirmed their determination that Plaintiff was only entitled to $837.21 in monthly pension benefits (the "Denial"). Defendants first stated that, contrary to Plaintiff's assertion in the February 27, 2018 letter, AE remained an independent company until it was dissolved in 2002. Defendants further asserted that they had never assumed the obligations of the AE pension plan. Finally, they explained that for all other purposes, Defendants acknowledged Plaintiff's years of service under AE. They simply did not acknowledge them when calculating pension benefits. Defendants concluded that the previous figure of $1,571.97 had been based on an administrative error that needed to be corrected.

20. On May 15, 2018, Plaintiff appealed the April 12, 2018 denial (the "Appeal"). In the Appeal, Plaintiff relied upon *Mullins v. Pfizer, Inc.*, 23 F.3d 663 (2d Cir. 1994), *Bixler v. Central Pennsylvania Teamsters Health and Welfare Fund*, 12 F.3d 1292 (3d Cir. 1993), and 29 U.S.C. Section 1104(a)(1) to explain that an ERISA plan fiduciary has a duty not to misinform beneficiaries and that the failure to pay Plaintiff $1,571.97 in monthly pension benefits would be a breach of Praxair's fiduciary duty.

21. In a letter dated July 12, 2018, Defendants denied the Appeal (the "Denial of Appeal"). The Denial of Appeal first focused on the language of the Plan to conclude that the Plan only provided for service credit towards pension

benefits under certain circumstances, none of which were satisfied in the case of former AE employees.

22.   The Denial of Appeal further stated:

> As a fiduciary of the Plan, the Committee is also required under ERISA to discharge its duties with respect to the Plan solely in the interest of its participants and beneficiaries and for the exclusive purpose of providing Plan benefits and defraying the reasonable expenses of administering the Plan. ERISA section 404(a)(l)(A). The Plan's terms govern how benefits are calculated and the Committee is required to enforce those terms. When an administrative error results in the Plan being operated in a way that is inconsistent with its written terms, the Committee is required to correct such administrative errors in order to safeguard the Plan's assets for the payment of benefits to Plan participants and beneficiaries. Accordingly, the Committee rejected your assertion that the Plan must continue to pay Mr. Arnold a pension benefit in excess of the benefit to which he is entitled under the terms of the Plan, and which is based on an erroneous calculation. Mr. Arnold's benefit will be adjusted beginning August 1, 2018, as previously communicated.

23.   The Denial of Appeal further emphasized that any miscommunications were devoid of any "intent or motivation to 'deceive.'"

24.   This emphasis on the intent of the miscommunications is improper as the intent behind the miscommunications is irrelevant. *See Bell v. Pfizer*, 499 F.Supp.2d 404, 410 (S.D.N.Y. 2007) ("[A]n employer's conduct need not rise to the level of knowing misrepresentation or lies in order to constitute a breach of its fiduciary duties under ERISA."). "Rather, as the Second Circuit has held, fiduciary duties can also be breached by material omissions and by negligent material misrepresentations." *Id.* at 410-11 (citing *Estate of Becker v. Eastman*

7

*Kodak Co.,* 120 F.3d 5, 10 (2d Cir. 1997), and *Devlin v. Empire,* 274 F.3d 76, 88 (2d Cir. 2001)).

25.     The Denial of Appeal also states that "The Committee also noted that Mr. Arnold's 2014 Application specifically included a disclaimer stating, *"Please note: These are estimated amounts and subject to revisions based on changes in your personal data."* (Emphasis in original.)

26.     Whereas the Application did include such language, to reduce Plaintiff's pension benefits by nearly half is far from a minor revision. In fact, if such revisions are permissible, no statement made by Defendants can ever be trusted since they are all "subject to revisions." Defendants took it upon themselves to inform Plaintiff of the value of his pension benefits, and they had a fiduciary duty to be truthful and careful when they made representations to him. "The ultimate inquiry is whether there is a substantial likelihood that the affirmative misrepresentation would mislead a reasonable employee in making an adequately informed decision about if and when to retire." *Ballone v. Eastman Kodak Co.*, 109 F.3d 117, 122-123 (2d Cir. 1997) (internal quotations and citations omitted). Plaintiff reasonably relied upon Defendants' affirmative statements, and Praxair breached its fiduciary duties by carelessly providing Plaintiff with misinformation.

27.     The Denial of Appeal concluded by noting that Plaintiff "has the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Action of 1974, as amended (ERISA)."

8

## FIRST CLAIM FOR RELIEF

To Recover Benefits, Attorneys' Fees, Pre-Judgment and Post-Judgment Interest under ERISA Plan – 29 U.S.C. Sections 1132(a)(1)(B), (g)(1)

(Plaintiff against all Defendants)

28. Plaintiff incorporates by reference each of the foregoing paragraphs of this complaint, as though fully set forth herein.

29. ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B), permits plan beneficiaries, like Plaintiff, to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan and/or to clarify his rights to future benefits under the terms of a plan.

30. ERISA Section 204(g), 29 U.S.C. Section 1054(g) prohibits decreases in accrued benefits as a result of plan amendments. *See also* 26 C.F.R. § 1.411(d)-4.

31. Praxair employed Plaintiff, and, through his employment, Plaintiff acquired a benefit under the Plan.

32. Plaintiff is entitled to $1,571.97 in monthly pension benefits. As of August 1, 2018, Defendants have failed to pay Plaintiff all the pension benefits to which he is entitled. As of June 1, 2019, Defendants owe Plaintiff $7,347.60 in back pension payments in addition to all appropriate interest. Plaintiff is also entitled to his full pension benefits of $1,571.97 per month starting June 1, 2019 and each month thereafter. By reducing Plaintiff's pension benefits, and by related

acts and omissions, Defendants violated, and continue to violate, the terms of the Plan and Plaintiff's rights thereunder.

33.     Defendants failed to follow ERISA's claims-processing requirements, failed to follow Department of Labor Regulations and failed to conduct a "full and fair review" of the claim denial, as required by 29 U.S.C. Section 1133(2). Thus, even if the Plan vests discretion in Praxair to make benefit determinations, no deference is warranted with regards to Praxair's handling of this claim. *See Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1465 (9th Cir. 1997); *Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1105 (9th Cir. 2003) ("When decisions are not in compliance with regulatory and plan procedures, deference may not be warranted.").

34.     Plaintiff is informed and believes, and on that basis alleges, that Praxair is both a funding source and claims fiduciary of the Plan, and thus has a structural conflict of interest. Therefore, even assuming that the Plan vests any discretion in Praxair to make benefit determinations, review of such determinations by this Court must take into consideration all relevant facts and circumstances in determining if there is an abuse of discretion.

35.     A "prudent person" standard is imposed on ERISA fiduciaries. *See* 29 U.S.C. § 1104(a)(1)(b). A "fiduciary" is also under a duty of loyalty and care to the participants and beneficiaries of the Plan. *See* 29 U.S.C. § 1104(a)(1). Under ERISA: (1) a fiduciary must discharge its duties solely in the interest of plan participants and beneficiaries and for the exclusive purpose of providing plan benefits to them; (2) a fiduciary must act with care, skill, prudence and diligence; and (3) a fiduciary may not act in any capacity involving the plan, on behalf of a

party whose interests are adverse to the interests of the plan, its participants, or its beneficiaries. Defendants' handling of Plaintiff's claim for pension benefits falls far short of these standards.

36. Defendants improperly denied Plaintiff's request for ongoing payment of his full pension benefits. Defendants repeatedly informed Plaintiff that he was entitled to $1,571.97 in pension benefits. Plaintiff retired in reliance on that calculation. It was Defendants' obligation to maintain accurate records establishing Plaintiff's pension benefits, yet Defendants failed to do so and erroneously denied Plaintiff's claim when he asserted his right to continue receiving the full benefits of $1,571.97 to which Defendants had informed Plaintiff that he was entitled based on Defendants' own records. *See* 29 U.S.C. § 1059(a)(1) (An employer is required to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees."); *Sec'y of Labor v. Doyle*, 675 F.3d 187, 202 (3d Cir. 2012) ("Rather, ERISA § 404(a) incorporates the fiduciary standards of trust law, of which several are relevant here. In particular, a trustee has a duty to maintain financial records[.]") (internal citations omitted).

37. For all the reasons set forth above, the decision to deny Plaintiff's claim was arbitrary, capricious, wrongful, unreasonable, irrational, incorrect, contrary to the evidence, contrary to the terms of the Plan and contrary to law. Defendants improperly denied this claim, as the evidence shows its denial decision was not only incorrect but arbitrary and capricious. Furthermore, Defendants' denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). Defendants' denial of Plaintiff's claim was incorrect

and improper, and an abuse of discretion based upon the evidence discussed herein.

38.    Based upon all the evidence discussed above, Plaintiff has met the burden of establishing that he is entitled to unpaid pension benefits under the Plan in the amount of at least $7,347.60 plus interest and at least $1,571.97 per month each month for June 2019 and thereafter.

39.    As a direct and proximate result of the denial of benefits, Plaintiff incurred attorneys' fees to pursue this action, and is entitled to reimbursement of these fees pursuant to 29 U.S.C. Section 1132(g)(1).

40.    A controversy now exists between the parties as to the quantity of pension benefits Plaintiff is entitled to under the Plan. Plaintiff seeks a declaration from this Court that Plaintiff is entitled to $1,571.97 in monthly pension benefits, Plaintiff is entitled to benefits in the unpaid amount of at least $7,347.60, calculated as of June 1, 2019, plus interest, and a payment of at least $1,571.97 per month thereafter, beginning June 1, 2019. In the alternative, Plaintiff seeks a remand to the claims administrator for a determination of Plaintiff's claim consistent with the terms of the Plan and applicable case law.

## SECOND CLAIM FOR RELIEF

Breach of Fiduciary Duty and for Equitable Relief, Including Waiver, Estoppel, Surcharge, and for Attorneys' Fees, Pre-Judgment Interest, under ERISA Plan – 29 U.S.C. Sections 1132(a)(3)(B), (g)(1)
(Plaintiff against Praxair)

41. Plaintiff incorporates by reference each of the foregoing paragraphs of this complaint, as though fully set forth herein.

42. Plaintiff asserts this Second Claim seeking equitable relief to the extent permissible by law. *See, e.g., CIGNA Corp. v. Amara*, 563 U.S. 421, 436-445 (2011); *N.Y. State Psychiatric Ass'n v. UnitedHealth Grp.*, 798 F.3d 125, 134 (2d Cir. 2015).

43. ERISA Section 502(a)(3), 29 U.S.C. Section 1132(a)(3)(B) permits plan participants or beneficiaries like Plaintiff to bring a civil action against a fiduciary to obtain "other appropriate equitable relief," including the equitable remedies of waiver, reformation, estoppel and "surcharge" (i.e., make-whole relief), in order to redress the fiduciary's violations of ERISA or an ERISA plan.

44. At all times relevant herein, a fiduciary relationship existed between Plaintiff and Praxair. Praxair is an ERISA plan fiduciary. Praxair funded the employee welfare benefit Plan and administered claims and benefits provided to Praxair employees and their beneficiaries, including Plaintiff. Praxair has and at all relevant times had the authority to grant or deny claims, including Plaintiff's claim for pension benefits. Praxair also has the authority to determine eligibility and, in doing so, acts as the Plan and claims administrator with respect to the Plan.

45. Because Praxair exercises decision-making authority for claims filed under the Plan, it acts as a fiduciary in the claims-handling process and in the administration of the Plan. Thus, Praxair acted as an ERISA fiduciary in connection with the Plan and Plaintiff's claim. *See* 29 U.S.C. § 1002(21)(A)(i), (iii) ("a person is a fiduciary with respect to a plan to the extent (i) he exercises any

discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan").

46. Praxair owed Plaintiff and all Plan participants a duty to hire, train and supervise its personnel to anticipate confusion over eligibility for Plan benefits and coverage. *See Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 471–72 (7th Cir. 2010). Praxair had an obligation to have safety measures in place to guarantee that pensioners were provided with accurate pension calculations and not to negligently provide plan participants and beneficiaries with inaccurate information which they knew or reasonably should have known plan participants and beneficiaries would rely upon. Praxair breached its fiduciary duty to Plaintiff by failing to maintain adequate records to accurately calculate Plaintiff's benefits. *See* 29 U.S.C. § 1059(a)(1) (An employer is required to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees."); *Sec'y of Labor v. Doyle*, 675 F.3d 187, 202 (3d Cir. 2012) ("Rather, ERISA § 404(a) incorporates the fiduciary standards of trust law, of which several are relevant here. In particular, a trustee has a duty to maintain financial records[.]") (internal citations omitted).

47. The Code of Federal Regulations establishes minimum requirements for employee benefit plan procedures pertaining to claims for benefits for plan fiduciaries such as Praxair to follow. 29 C.F.R. Section 2560.503-1(b)(2), (5) requires a reasonable claim procedure to contain administrative processes and safeguards designed to ensure and verify that benefit claim determinations are made in accordance with plan documents. It was enacted to implement ERISA's

statutory declaration of policy, 29 U.S.C. Section 1001(a), that adequate disclosure be made and safeguards be provided with respect to the administration of ERISA plans because of the lack of knowledge of ERISA plan participants and beneficiaries like Plaintiff. Praxair failed to construct a system to ensure that coverage was properly in place and adequate records maintained. Doing so was necessary to guarantee that Plan participants and beneficiaries would be provided with accurate information when planning their affairs. This failure on Praxair's part violated the requirement that safeguards be in place to ensure adequate administration of the Plan and that benefit claim determinations be made in accordance with the Plan documents. This ERISA violation constituted a breach of Praxair's fiduciary duties owed to Plaintiff.

48. ERISA plan participants and beneficiaries can assert a claim against fiduciaries like Praxair for breach of fiduciary duty under 29 U.S.C. Section 1132(a)(3), and the available remedies to redress those breaches and ERISA violations include equitable remedies like surcharge, estoppel, waiver and reformation. *See McCravy v. Metropolitan Life Ins. Co.*, 690 F.3d 176, 180 (4th Cir. 2012) ("But with Amara, a striking development, the Supreme Court expanded the relief and remedies available to plaintiffs asserting breach of fiduciary duty under Section 1132(a)(3) and therefore seeking make-whole relief such as equitable relief in the form of surcharge.") (internal brackets and quotes removed); *see also Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 962-63 (9th Cir. 2014); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 724–25 (8th Cir. 2014); *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 870, 892 (7th Cir. 2013).

49. Praxair's breach of its fiduciary duties and other ERISA violations described above proximately caused Plaintiff financial hardships in that they

caused him to retire before he otherwise would have and to suffer the resulting loss of pension benefits. As a result of Praxair's actions, Plaintiff has already lost $7,347.60 in pension benefits plus interest as of June 1, 2019. Furthermore, Plaintiff continues to suffer ongoing damages for each month Praxair refuses to pay him the full $1,571.97 per month in pension benefits promised to him. Plaintiff is therefore entitled to compensatory damages and/or pension benefits of these amounts under the equitable remedies of waiver, estoppel and surcharge, among others.

50. As a direct and proximate result of Praxair's breach of its fiduciary duties, Plaintiff has been forced to incur attorneys' fees to pursue this action, and is entitled to reimbursement of those fees pursuant to 29 U.S.C. Section 1132(g)(1).

*Waiver/Estoppel Remedy*

51. Praxair is estopped from and/or has waived its right to calculate Plaintiff's pension benefits without including his time working for AE because of Praxair's conduct repeatedly affirming that Plaintiff's time with AE would be included in its calculations of his pension benefits.

52. Based on the facts alleged above, Praxair intentionally, knowingly and voluntarily relinquished its right under the Plan not to include Plaintiff's time working for AE in its calculations because it repeatedly informed Plaintiff that it would include his time working for AE in its calculations via statements incorporating that time into its calculations. Furthermore, when it needed experienced personnel, Praxair's predecessor in interest, Altair, deceived Plaintiff, and others, by stating that Plaintiff's time with AE would be used when calculating

Plaintiff's benefits under the Plan. Altair and Praxair knew of the Plan requirements and knew or should have known that its calculations included time working for AE. They knew and expected that employees such as Plaintiff would rely on such statements to continue their employment and Plaintiff did in fact rely on such statements. They still made affirmative statements and Praxair even paid pension benefits at the levels that incorporate Plaintiff's time working for AE. These deceptions by Defendants through Altair and Praxair constitute extraordinary circumstances further affirming the need for a court to find that Praxair is estopped and/or has waived its right to not include Plaintiff's time with AE in its calculations of his pension benefits. Plaintiff, in turn, relied on those statements when deciding to retire. If he had known that the numbers were in error, he would have continued working so as to improve his pension benefits and better prepare for his retirement. Praxair's conduct constitutes a voluntary relinquishment of the right to insist that it only pay pension benefits for the time Plaintiff worked for Altair and PDI.

53. Giving effect to the waiver in this case does not expand the scope of the ERISA Plan. Rather, it provides Plaintiff with an available benefit that he was promised.

54. Furthermore, Praxair is estopped from enforcing any purported right under the Plan not to incorporate Plaintiff's time working for AE in its calculations of Plaintiff's pension benefits.

55. Plaintiff reasonably and detrimentally relied upon the representations that he was entitled to monthly pension benefits of $1,571.97 by choosing to retire when he could have continued working for PDI.

56.     The misrepresentations and Plaintiff's reasonable reliance thereon resulted in Plaintiff's injury.

*Surcharge Remedy*

57.     Plaintiff is entitled to the equitable remedy of surcharge, i.e., to be made whole as a result of Praxair's breaching of its fiduciary duties to Plaintiff, including compensatory damages for both actual harm caused by Praxair's breach of fiduciary duties and the amount Praxair has been unjustly enriched.

58.     As to compensatory damages, a beneficiary can pursue the remedy that will put the beneficiary in the position he or she would have attained but for the fiduciary's breach. Had it not been for Praxair's breach, Plaintiff would have obtained the pension benefits he is entitled to, namely the sum of at least $7,347.60 in owed pension benefits, calculated as of June 1, 2019, plus interest, and a payment of at least $1,571.97 per month thereafter, beginning in June 2019. Praxair breached its fiduciary duty by failing to maintain adequate records such that it would provide accurate information to beneficiaries such as Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant the following relief against Praxair:

1.  For all Plan benefits due and owing to Plaintiff, including the unpaid pension benefits of at least $7,347.60, calculated as of June 1, 2019, and at least $1,571.97 per month thereafter, beginning in June 1, 2019;

2. Alternatively, for equitable relief, including surcharge, waiver and estoppel;

3. For costs and reasonable attorneys' fees pursuant to 29 U.S.C. Section 1132(g);

4. For pre-judgment and post-judgment interest on the principal sum, accruing from the date the obligations were incurred. *See Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007) ("A district court may award prejudgment interest on an award of ERISA benefits at its discretion."); *Drennan v. General Motors Corp.*, 977 F.2d 246, 253 (6th Cir. 1992); and

5. For such other and further relief as this Court deems just and proper.

DATED: July 2, 2019

PLAINTIFF

By: _____
David S. Rintoul
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., 7th Fl.
Bridgeport, CT 06604
Tel: 203-333-9441
Fax: 203-333-1489
Email: drintoul@znclaw.com
Juris No. 069695
Attorney for Plaintiff Larry A. Arnold

McKENNON LAW GROUP PC

By: *Pro Hac Vice Motions to Be Filed*
ROBERT J. McKENNON
NICHOLAS A. WEST
Attorneys for Plaintiff Larry A. Arnold